Gaston, Judge,
 

 after stating the case, proceeded: — We consider it a clear proposition, that every act which openly outrages decency, and tends to the corruption of the public morals, is a misdemeanor at common law. A public exposure of the naked person, is among the most offensive of those outrages on decency and public morality. It is not necessary to the constitution of the criminal act, that the disgusting exhibition should have been actually seen ,by the public; it is enough, if the circumstances under ; which it was obtruded were such as to render it probable ■that it would be publicly seen; thereby endangering a ishock to modest feeling, and manifesting a contempt for 'the laws of decency. In the description of every indictable offence, it is always advisable that the charge should be made to conform to approved precedents. A departure from them is viewed with suspicion. Yet where there are no precise technical expressions and terms of art required, so appropriated by the law to the description of an offence as not to admit a substitute for them, it is sufficient that the indictment charges in intelligible language, with distinctness and certainty, all the substantial circumstances which constitute the offence. In 2 Chit. ; Grim. Law, 41, we have a precedent of the indictment which was used in the case of
 
 The King
 
 v.
 
 Crunden.
 
 It consists of two counts. The first charges, that he exposed himself naked and in an indecent posture near to, and in front of, divers houses, and also near to a certain public highway, and also in the presence of divers of the king’s subjects: the second charges, that he exposed himself naked to divers of his majesty’s subjects. In 2 Campbell’s Rep. page 89, we have a report of the case. The defendant was convicted on evidence that he bathed in the sea, dressing and undressing on the beach, opposite to the East Cliff at Brighton, on which cliff there was a row of inhabited houses, from the windows of which he
 
 might
 
 be
 
 *210
 
 distinctly seen, as he was undressed and swam in the sea. The allegation, that this indecent exhibition was made in the presence of divers persons, was satisfied by proof that it took place in their vicinity, and so that it might have been seen. The allegation means no more, and any other allegation which distinctly and explicitly avers as much, will as effectually answer to decribe the offence. The averments in this indictment, that on a certain public highway the defendant did' indecently and scandalously expose to
 
 public view,
 
 can mean nothing less than that the indecent exposition was so made, that it might have been seen by
 
 numbers.
 
 The necessary constituents of the crime are therefore stated, and there was no error in overruling the motion in arrest.
 

 This opinion will be certified to the Superior Court of Burke, with directions to proceed to judgment and sentence against the defendant, agreeably to this decision and the law of the state.
 

 Per Curiam. Judgment affirmed.