## THE STATE *vs.* EBE WALTER.

Sussex County, October Term, 1895.

**Indecent Exposure.**—One who exposes his person to the view of another, or others, on the public highway, is guilty of the common law of indecent public exposure.

The defendant was indicted for indecent exposure. At the trial, Miss Ettie McCabe, the prosecuting witness, testified that on the 24th day of September, 1895, the defendant met her on the public highway in Baltimore Hundred, this county, and started towards her with his private member exposed to her view; that this took place within plain view of a farmhouse about one-quarter of a mile distant; that she screamed and ran away from the prisoner, but that he did not continue to follow her.

*Nicholson*, Attorney General, asked the Court to instruct the jury that the exposure, being on the public highway within the view not only of the prosecuting witness, but also within the possible view of others who might be passing to and fro along the said highway, as well as of the occupants of the farm house, constituted the common law offence of indecent public exposure. 2 Archb. Cr. Pl. 1034.

The prisoner was not represented by counsel.

LORE, C. J., (charging the jury).

Ebe Walter, the prisoner at the bar, is charged in this indictment with having on the 24th day of September, 1895, in this County, in Baltimore Hundred, in the day-time of the said day, on a public highway leading from a certain place commonly called Ocean View to a certain other place commonly called Bayard, unlawfully, wickedly and wilfully exposed and exhibited his person, his male member naked and uncovered, in the presence and view of a certain Ettie McCabe.

This indictment is not under any statute of this State, but is at common law. The offence consists in indecently exposing his person on a public highway in the view, not only this young lady, but of such other persons as were rightfully and commonly passing to and fro along the highway.

That this is a common law offence, and punishable as such, in this State, we have no doubt; and the reason for it is given in 2 Archbold, Crim. Pr. 1034, as being an act of public indecency. "That acts of public indecency were always indictable as tending to corrupt public morals, there can be no doubt; because, even in profligate reign of Charles II., Sir Charles Sedley was punished by imprisonment and a heavy fine for standing naked on a balcony, in a public part of the city of London. It is true that besides this unlawful exhibition, it is mentioned in some of the reports of that case that he threw down bottles containing offensive liquor among the people; but we have the highest authority for saying that the most criminal part of his conduct was the exposure of his person. For this I refer to the opinion of the judges in the *Queen vs. Curl*, 2 Str. 792; Lord Mansfield, in *Rex vs. Sir Francis Blake Deleval*, 3 Burr. 1438; Bla. 4 Com. page 64."

If you believe that this boy exposed his male parts in a public highway in this county, so that this young lady, Miss Ettie McCabe, saw (and other persons passing to and fro) could see them, it was an act of public indecency, tending to corrupt public morals, and your duty will be to convict him of that offence.

If you have any reason to believe that he did not expose himself, your verdict should be, not guilty.

*Verdict guilty.*