STATE OF MISSOURI, Respondent, v. G. W. JOHNSON, Appellant.

Kansas City Court of Appeals, May 4, 1914.

1. **LOCAL OPTION: Intoxicating Liquors.** The defendant was convicted for a violation of the Local Option Law and from that conviction prosecutes this appeal. He was the proprietor of a restaurant and had procured a license from the Federal Authorities to sell intoxicating liquors and was convicted of having sold three pints of whiskey. *Held*, that the demurrer to the evidence was properly overruled.

2. **ELECTIONS: Notice: Statute.** It is not necessary under Secs. 7238 and 7240, R. S. 1909, that the notice of an election shall be addressed to the persons qualified to vote at the election.

3. **EVIDENCE: Hearsay.** Where one testifies over the objection of the defendant concerning a conversation that took place with a prosecuting witness out of the hearing of the defendant, it is error, because it is not part of the *res gestae*, but was *res inter alios*.

Appeal from Sullivan Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED AND REMANDED.

*R. G. Nelson* and *J. W. Clapp* for appellant.

*J. M. Wattenbarger* for respondent.

JOHNSON, J.—Defendant appealed from a conviction in the circuit court of Sullivan county for a violation of the Local Option Law. A motion to dismiss the appeal was filed by respondent and overruled but the point still is urged and we are cited to State v. Dempsey, 168 Mo. App. 298, as sustaining it. In that case the appeal did not operate as a stay of proceedings and we held that section 5309, Revised Statutes 1909, applied, and imposed on the appellant the duty of filing the transcript in proper time. In this case, as shown by the record, the appeal operated as a stay of proceedings and under section 5398, of the statutes, the duty of making out and filing the transcript devolved on the clerk of the circuit court. The motion is found to relate to a negligent performance of that duty for which the appellant should not be held accountable and was properly overruled.

Counsel for defendant assail the Local Option Law on the ground that it is unconstitutional. A similar attack moved us to transfer the case of State v. Campbell to the Supreme Court but that court refused to take jurisdiction and retransferred the case, saying the

constitutionality of the Local Option Law no longer
may be considered an open question. (214 Mo. 362.)
Following that decision we hold the point is without
merit and cannot be considered as affecting our juris-
diction over this case.

The record discloses that the Local Option Law
had been legally adopted in Sullivan county long be-
fore the date of the alleged offense.

Objection is offered to the published notice of the
election on the ground of its failure to state that it was
addressed to the qualified voters of the county. The
title of the notice was "Notice of Local Option Elec-
tion," and beginning with the recital that it was a
notice of special election "to be held under the provi-
sions of Article 3, of Chapter 22, of the Revised Stat-
utes of Missouri, 1899, commonly known as the Local
Option Law, to determine whether or not spiritous
and intoxicating liquors, including wine and beer, shall
be sold within the limits of Sullivan county, in the State
of Missouri," proceeded to give the record history of
the proceedings and ended with the order of the court
for holding an election. Defendant argues that a notice
to be effective must be directed to the person, persons
or class of persons intended to be notified (29 Cyc.
1118; Watson v. Walker, 23 N. H. 471) and that the
statutes (7238 and 7240, Revised Statutes 1909) con-
template that the notice shall be addressed to the per-
sons qualified to vote at the election. The statutes do
not say so in express terms nor do we think such re-
stricted meaning should be read into them by implica-
tion. The general public, i. e. all classes of citizens in-
cluding qualified voters are interested in such elections
and the law intends that the notice shall be for the in-
formation of all and not for that of any particular class.
The objection to the sufficiency of the notice is not well
grounded.

Defendant was the proprietor of a restaurant and
had procured a license from the Federal authorities to

sell intoxicating liquors. The prosecuting witness stated that he and a companion had breakfast in the restaurant on the morning in question and that before leaving the place he purchased three pints of whiskey from defendant for which he paid $2.25. Defendant denied making the sale and gave testimony which, if believed, would lead to the conclusion that the accusation against him was prompted by hatred or malice. The testimony of the prosecuting witness was not self-contradictory nor inherently weak and standing alone was of sufficient probative force to overcome the presumption of innocence. Neither the trial judge nor the jury were bound to believe defendant, either as to his denial of the sale or his counter attack on the credibility of the accuser. The court did not err in overruling the demurrer to the evidence.

The companion of the prosecuting witness introduced by defendant testified that he did not see or know of any sale of liquor being made at the time. On cross-examination he was allowed to state, over the objection of defendant, that the prosecuting witness, out of the hearing of defendant, said he had bought or was going to buy some whiskey from defendant. Such evidence was pure hearsay and should have been excluded. Whether such conversaton occurred in or outside the restaurant, or before or after the alleged sale, is immaterial. Not occurring in the presence or hearing of the defendant, it was not a part of the *res gestae* (State v. Pollard, 174 Mo. 616) but was *res inter alios* (Commonwealth v. Harwood, 4 Gray, 41) and its admission was highly prejudicial to defendant.

Further we think the court erred in not sustaining the objection of defendant to certain improper remarks in the argument of the prosecuting attorney to the jury, but since the judgment must be reversed for the error just discussed, we do not deem it necessary to do more than admonish the prosecuting attorney to

refrain from repeating such remarks at a subsequent trial.

The judgment is reversed and the cause remanded. All concur.