STATE OF MISSOURI, Respondent, v. CHARLES A. WOLF, Appellant.

In the Kansas City Court of Appeals, November 6, 1922.

1. CRIMINAL LAW: Motion to Affirm: Motion to Affirm for Failure to File Complete Transcript in Time Will not be Sustained for Reason Statute Made it the Duty of Circuit Clerk to File Transcript. A motion to affirm a judgment of conviction for failure of appellant to file in appellate court a complete transcript of the record in time, will not be sustained for the reason that under section 5398, Revised Statutes 1919, the duty of making out and filing the transcript devolved on the clerk of the circuit court.

2. ————: Public Indecency: Information: Information Charging Act of Public Indecency, Held Insufficient for Failure to Allege that Act was Committed When More Than One Person was in a Position to See it. An information charging that defendant was wilfully and unlawfully guilty of an open and notorious act of public indecency, grossly scandalous by then and there exhibiting his private parts in view, and in the presence, of a married woman, failed to state any offense under the last clause of section 3515, Revised Statutes 1919, providing that every person who shall be guilty of any open and notorious act of public indecency, grossly scandalous, shall be guilty of a misdemeanor, in that it omitted to allege that the act was committed when more than one person was in a position to see it.

3. ————: ————: ————: Common-law Offense: Indecent Exposure Seen by One Person Only, is Not an Offense at Common Law. An indecent exposure seen by one person only, or capable of being seen by one person only, is not an offense at common law, and an information charging an act of public indecency which failed to allege that the act was committed in the presence of more than one person, did not state an offense under the common law.

211 M. A.] (429)

Appeal from the Circuit Court of Linn County.—*Hon. Fred Lamb,* Judge.

REVERSED.

*H. J. West* and *Charles K. Hart* for State.

*R. S. Kathan* and *Franklin & Van Cleve* for appellant.

BLAND, J.—Defendant was convicted under the last clause of section 3515, Revised Statutes 1919, providing that—

"Every person . . . who shall be guilty . . . of any open and notorious act of public indecency, grossly scandalous, shall, on conviction be adjudged guilty of a misdemeanor."

As punishment he was assessed a fine of $50 and costs.

The State has filed a motion to affirm the judgment on the ground that the defendant—

"Has not filed with this court a complete transcript of the record of the circuit court in said action showing a complete record and Bill of Exceptions therein."

"That there is no complete transcript of the record of the proceedings and Bill of Exceptions . . . on file in this honorable court."

This motion was filed at the March, 1922, term of this court. Since then a complete transcript of the record and Bill of Exceptions have been filed.

The facts in relation to the matter now raised are similar to those appearing in the case of State v. Johnson, 179 Mo. App. 344, 345, where it was said—

"A motion to dismiss the appeal was filed by respondent and overruled but the point still is urged and we are cited to State v. Dempsey, 168 Mo. App. 298, as sustaining it. In that case the appeal did not operate as a stay of proceedings and we held that section 5309,

Revised Statutes, 1919, applied, and imposed on the appellant the duty of filing the transcript in proper time. In this case, as shown by the record, the appeal operated as a stay of proceedings and under section 5398, of the statutes, the duty of making out and filing the transcript devolved on the clerk of the circuit court. The motion is found to relate to a negligent performance of that .duty for which the appellant should not be held accountable and was properly overruled.''

The motion to affirm is overruled.

The information upon which the conviction was had was unnecessarily attacked in the lower court. The attack is renewed here. The information reads as follows:

·  ''Charles K. Hart, prosecuting attorney within and for Linn County, Missouri, informs the court upon his official oath and upon his best information and belief, herewith filed, that Charles A. Wolf, on or about the 14th day of. April, 1921, at and in the County of Linn and State of Missouri, then and there being, was then and there wilfully and unlawfully guilty of an open and notorious act of public indecency, grossly scandalous by then and there exhibiting his private parts in the view and in the presence of Stella Troutman, a married woman, against the peace and dignity of the State.''

We think the information fails to state any offense under the clause of the statute we have quoted. An information substantially the same as this one, based upon a similar statute, was declared bad by the Supreme Court of Georgia. [Lockhart v. State, 116 Ga. 557.] In that case it is said at l. c. 558—

''A person is not guilty of a notorious act of public indecency, within the meaning of this statute, unless the act is committed at a place where and at a time when more than one person was in a position to see it. [See Morris v. State, 109 Ga. 351.] It is not absolutely essential that this place should be a public road or street, but it is at least necessary that it should be at a place that is for the time being open to a portion of the public,

as distinguished from a private room or dwelling which at the time is occupied by the inmates only. But no matter where the place, it is absolutely essential, not that more than one person should have actually seen the exposure, but that more than one person was in a position where it would have been possible for them to have seen it. While the indictment charges that the accused publicly exposed his private parts in the presence of one named person, it does not allege that this exposure was in a public place or in any other place where it could have been seen by more than one person. The allegation of the indictment is that it was done in the presence of one person, and this was not a sufficient allegation to make out the offense.''

It will be noted that our statute, unlike some statutes to be found, does not provide a punishment for an act of indecency or an obscene and indecent exhibition in a *public place*. The distinction between a statute of that kind and one similar to ours is pointed out in Moffit v. State, 43 Texas, 346. The State cites the case of State v. Gardner, 28 Mo. 90, in support of its contention that the indictment states an offense under this clause of the statute. However, in that case the indictment charged that the act was done in the presence of a ''male and female,'' and the syllabus, after describing the indictment stated to be sufficient, quotes that portion of the indictment that contains the words male and female and italicizes these words. In other words, in that case the act was alleged to have been committed in the presence of more than one person and the only inference to be drawn from the opinion of the Supreme Court is that it held it sufficient for that reason.

It is insisted that if the indictment is not good under the statute it states an offense under the common law, which is sufficient. ''An indecent exposure seen by one person only or capable of being seen by one person only is not an offense at common law.'' [29 Cyc. 1316.]

The judgment is reversed. All concur.