## Commonwealth v. Hamilton.

(Decided March 3, 1931.)

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., for appellant.

RODNEY HAGGARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN—Certifying the law.

The grand jury of Clark county indicted the appellant, and omitting the formal parts, the indictment was in this language:

"The Grand jury of Clark county in the name and by the authority of the Commonwealth of Kentucky accuses Louanna Hamilton of the offense of unlawfully and wilfully exposing her private person to another, committed as follows, viz.: That said Louanna Hamilton on the 24th day of September, 1930, in the county aforesaid and within one year next before the finding of this indictment did unlawfully, wilfully and knowingly expose her private person to other persons, whose names are unknown to the Grand Jury, against the peace and dignity of the Commonwealth of Kentucky."

A demurrer was interposed and sustained. The commonwealth appeals and asks for a certification of the law.

An examination of the indictment shows that appellant was charged with "unlawfully, wilfully and knowingly exposing her private person to persons whose names were unknown to the Grand Jury."

Exposing the privates is an offense under the common law, but such an exposure must be where the public may observe it, or at least have an opportunity to observe it. The gist of the offense is stated in Commonwealth v. Kinniard, Mayor, 37 S. W. 840, 18 Ky. Law Rep. 647. That, however, was an action against the city authorities for allowing persons, both male and female, to congregate along one of the highways and habitually, continually, and frequently expose to view their privates. A demurrer was sustained to the indictment as the city authorities were not charged with having failed to discharge any of their official duties in respect to the offense mentioned in the indictment.

In the case of Commonwealth v. Hardin, 10 Ky. Op. 925, it was stated by this court that to authorize an indictment and conviction for indecent exposure of the person, the act must have been committed in a public place; that is, it must be an act affecting the public directly.

In the case of State v. Roper, 18 N. C. 208, it was held that it was not necessary to constitute the criminal act of exposure that the exhibition had been actually seen by the public; it was only necessary that the exposure took place under circumstances where it was probable that it might have been observed by the public.

The indictment before us is defective, in that it does not charge the public exposure of the person, or that the exposure took place under such circumstances that the members of the public might have witnessed it. The charge is that she exposed her private person to persons unknown to the grand jury. This exposure may have taken place where the public could not have observed it, and the indictment was therefore insufficient, and the demurrer was properly sustained.

The law is accordingly certified.