231 S.W.2d 86 (1950)
CASE
v.
COMMONWEALTH.
Court of Appeals of Kentucky.
June 23, 1950.
*87 L. B. Alexander, Paducah, Jack E. Fisher, Paducah, for appellant.
A. E. Funk, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., for appellee.
HELM, Justice.
Appellant, Walter Case, charged with indecent exposure, was found guilty and his punishment fixed at a fine of $500 and imprisonment in the county jail for a period of six months. He appeals.
The indictment charges that appellant wilfully, unlawfully and knowingly exposed his person at or near the intersection of 28th and Jones Streets in Paducah. Appellant is a mechanic. His home is on the southwest corner of 28th and Jones Street; his garage or workshop is on the northwest corner of 28th and Jones Street. The garage has a door facing Jones Street; the door faces toward his home. Jones Street, from 29th to 28th Street, is an unimproved streetjust a lane. About the middle of the block is a bridge.
Two young women were walking together along this lane in the afternoon of a day some time in the summer of 1948. One of them says that she saw appellant a few feet outside of one of his garage doors on Jones Street; that he had his trousers undone and was exposing himself. She was just north of the bridge in the lane when she saw him. She just happened to "glance over there and see him." He did not do anything to attract her attention to him. The other young woman, who lived at 2900 Jones Street, says that she glanced up and saw appellant standing just inside the door of his garage that faces Jones Street; that the bridge is about a half block from 28th Street; that they had crossed the bridge and were about half-way from it to 28th Street when she saw him. He was not outside the garage.
Appellant states that his garage door on Jones Street faces toward his home, which is just across the street from the garage; that he did not see the young women who testified against him, and that he did not indecently expose himself to them either outside or inside his garage.
Appellant contends: (1) The demurrer should have been sustained to the indictment; (2) the instructions were erroneous; and (3) the testimony was insufficient to sustain a conviction.
Indecent exposure is a criminal offense at common law. Commonwealth v. Hamilton, 237 Ky. 682, 36 S.W.2d 342, 14 Ky.Digest, Obscenity, 33 Am.Jur. 19. We are of the opinion that the indictment properly charges the offense of indecent exposure at common law.
In State v. Martin, 125 Iowa 715, 101 N.W. 637, 638, it is said: "The words `indecent exposure' clearly imply that the act is either in the actual presence and sight of others, or is in such a place or under such circumstances that the exhibition is liable to be seen by others, and is presumably made for that purpose, or with reckless and criminal disregard of the decencies of life." The exposure must be intentional, not merely inadvertent or accidental. Van Houten v. State, 46 N.J.L. 16, 50 Am.Rep. 397; 33 Am.Jur., page 19; Burdick's Law of Crime, Vol. 3, section 967.
We have read the evidence carefully. We are unable to say from the testimony *88 given on this trial that the appellant intentionally, wilfully or designedly exposed his person. So far as the testimony reveals, it appears that anything he may have done was unintentional and inadvertent. It follows that the testimony was not sufficient to submit the case to the jury. All other questions are reserved.
The judgment is reversed for proceedings not inconsistent with this opinion.