## Richmond

WILLIAM POOLE, II v. COMMONWEALTH OF VIRGINIA.

October 12, 1970.

Record No. 7239.

Present, All the Justices.

*John B. Gilmer*, for plaintiff in error.

*William T. Lehner, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

William Poole, II, the defendant, was convicted by a jury of armed robbery, and his punishment was fixed at twenty years in the penitentiary. To the final judgment approving the jury's verdict and imposing the sentence, the defendant was granted a writ of error. He challenges the legality of identification evidence presented by

the Commonwealth and attacks the action of the trial court in refusing a defense instruction.

The evidence before the jury showed that at 3:10 a.m. on April 18, 1968, Otto C. Ford was operating a Virginia Transit Company bus in the city of Richmond. He stopped the bus at an intersection to discharge a passenger. After the passenger had alighted, Ford heard a knock on the front door of the bus. He opened the door, and a man stepped into the bus, waved a gun in his face, and demanded his money. Ford turned over his money, and the man said "git." When the robber left the bus, Ford "got."

Ford drove to a nearby filling station and telephoned a report of the robbery. Two detectives met him, and he gave them a description of the robber. A short time later, the defendant and a companion were apprehended and conveyed to police headquarters. Ford arrived at headquarters and was taken to a room where the defendant and his companion were standing in the custody of two police officers. Ford identified the defendant as his assailant.

At trial, Ford again identified the defendant as the robber. The defendant, testifying in his own behalf, denied the charge against him, claiming he was elsewhere at the time the offense took place.

Relying on the United States Supreme Court decisions in *Wade*, *Gilbert*, and *Stovall*,[1] the defendant contends that his conviction should be reversed because it "was based on in-court identification resulting from an illegal confrontation" conducted at police headquarters in the absence of counsel and under "unnecessarily suggestive" circumstances. The "illegal confrontation," he argues, violated his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process.

We hold, however, that the question of the legality of the defendant's identification is not properly before us. All the evidence relating to the identification of the defendant by Ford, both at police headquarters and in court, was admitted without complaint from the defendant. He made no motion or objection either before or at the time the identification evidence was unfolded before the jury.

What the defendant did was to wait until the Commonwealth had rested its case. He then made a motion to strike the Commonwealth's evidence on the ground that the in-court identification had "resulted from unconstitutional lineup procedure or identification procedure."

---

[1] *United States* v. *Wade*, 388 U.S. 218 (1967); *Gilbert* v. *California*, 388 U.S. 263 (1967); *Stovall* v. *Denno*, 388 U.S. 293 (1967).

The trial court's alleged error in denying the motion is the sole ground upon which the defendant relies to bring the identification question before this court. That is not sufficient for the purpose.

The office of a motion to strike the evidence, made at the conclusion of the Commonwealth's case, is to challenge the sufficiency, not the admissibility, of the evidence. The question the defendant sought to raise by his motion—whether his pretrial identification was illegal and whether his in-court identification was tainted by such illegality—was purely a question of admissibility of evidence.

An accused may not wait until the Commonwealth has rested its case before challenging the admissibility of identification evidence. This must, of necessity, be the rule because whether such evidence is admissible is a question involving inquiry by the trial court before the evidence is presented to the jury. If no objection is raised until the Commonwealth has rested, the necessity and opportunity for such inquiry do not arise.

Here, the defendant, by failing to act in a timely manner to prevent admission of the identification evidence, waived all objection thereto. Such evidence was, therefore, properly before the jury for its consideration. *Henry* v. *Commonwealth*, 211 Va. 48, 51-52, 175 S.E.2d 416, 418-19 (1970); *Woodson* v. *Commonwealth*, 211 Va. 285, 176 S.E.2d 818, this day decided.

The defendant's other contention is that he is entitled to reversal of his conviction because of the trial court's refusal to grant his Instruction B. The instruction was worded as follows:

> "The Court instructs the jury that if, after consideration of all the evidence introduced in the case, they entertain any reasonable doubt as to whether the defendant is the person who committed the offense charged, then the jury must find the defendant not guilty."

The defendant argues that identification was "the only real jury issue" in the case. It was necessary, therefore, he says, that the "jury should have had a specific instruction" so that it might "properly consider the issue of identification."

It is true, as the defendant points out, that in *Noblett* v. *Commonwealth*, 194 Va. 241, 247, 72 S.E.2d 241, 244-45 (1952), we reversed for the trial court's refusal to grant a similar instruction where, as here, identity of the accused was a vital issue. And it is likewise true that in *Noblett*, as here, the jury was told, in other instructions, that the accused was presumed to be innocent and that his guilt must be established beyond a reasonable doubt.

However, before *Noblett*, in *Ives* v. *Commonwealth*, 184 Va. 877, 36 S.E.2d 904 (1946), a case not mentioned in the *Noblett* opinion, we held that a separate instruction on the issue of identity was not required where the jury was otherwise instructed on presumption of innocence and reasonable doubt. We gave these reasons for our holding:

"(1) The reasonable doubt and presumption of innocence [instruction] was very full and complete and presented ample and legal room to emphasize in argument the question of identity.

"(2) The [refused instruction on identity] offended the rule against selecting portions of the evidence and emphasizing them, thus giving them undue weight and prominence.

"(3) The instruction, framed and expressed as it was, would have carried to the jury a sense of doubt upon the part of the court as to the identity of the accused. To pass upon the weight of the testimony is, of course, not within the province of the court." 184 Va. at 879, 36 S.E.2d at 904-05.

Upon re-examination of the question, we are of opinion that the *Ives* case represents the sounder rule: That where the jury is fully instructed on presumption of innocence and reasonable doubt, a separate instruction on identity is not required. To the extent that *Noblett* conflicts with this view, it is expressly overruled.

Here, the trial court's instructions on presumption of innocence and reasonable doubt were full and complete and could have left no question in the minds of the jurors that they must acquit the defendant if they entertained a reasonable doubt that he was the person who committed the offense charged. Therefore, it was not error for the trial court to refuse Instruction B.

The judgment of the trial court will be affirmed.

*Affirmed.*