COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Benton, Coleman,
        Willis, Elder, Bray, Annunziata, Overton, Bumgardner
              and Lemons
Argued at Richmond, Virginia


CLIFTON MASON, S/K/A
 CLIFTON B. MASON
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0309-97-2      JUDGE SAM W. COLEMAN III
                                       NOVEMBER 10, 1998
COMMONWEALTH OF VIRGINIA


                    UPON A REHEARING EN BANC

        FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                  Oliver A. Pollard, Jr., Judge

        Neil Kuchinsky (Neil Kuchinsky & Associates,
        on brief), for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.



        In a bench trial, appellant, Clifton Mason, was convicted of

four counts of taking indecent liberties with a minor in

violation of Code § 18.2-370. On appeal, he contends the

evidence was insufficient to support the convictions. A divided

panel of this Court found the evidence insufficient as to all

four counts. We granted a petition to rehear en banc two of

those counts. Upon rehearing en banc, we find that the evidence

was sufficient to prove that Mason exposed himself to A.W. and

T.B. within the meaning of Code § 18.2-370. For this reason, we

affirm those convictions.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

BACKGROUND

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Appellant was convicted of taking indecent liberties with A.W. and T.B. in violation of Code § 18.2-370. At the time of the alleged incidents, both victims were under the age of thirteen.

At trial, T.B. testified that appellant touched her breasts and vagina with his hands, pulled down her underpants, and rubbed his penis on her vagina. She further testified that appellant also tried to insert his penis into her vagina, but he did not succeed because she moved away from him. The incident happened at night in an unlighted room.

A.W. testified that appellant touched her breasts with his hands, pulled down her underwear to her knees, and touched her between her legs with his "private part." A.W. further testified that appellant tried to insert his "private part" into her "private part." Eventually, appellant stopped trying to penetrate her and left the room. This incident also occurred at night in an unlighted room.

At the conclusion of all the evidence, appellant argued that his conduct did not constitute taking indecent liberties as defined by Code § 18.2-370. The sole issue is whether the

evidence is sufficient to show that defendant exposed himself within the meaning of Code § 18.2-370.[1]

### ANALYSIS

When the sufficiency of evidence is challenged on appeal, an appellate court must review the evidence that tends to support the conviction and must uphold the conviction unless it is plainly wrong or lacks evidentiary support. See Code § 8.01-680; Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998). "If there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Id.

T.B. testified that Mason pulled down her underpants and "rubbed his penis on her vagina." Although T.B. did not testify that she visually observed Mason's penis, she testified that Mason "rubbed" his penis on her. Similarly, A.W. testified that Mason "touched her between her legs with his `private part.'" The inference which the fact finder was entitled to draw from A.W.'s testimony was that Mason touched her between her legs with his penis. See e.g., Fisher v. Commonwealth, 228 Va. 296, 298, 321 S.E.2d 202, 203 (1984) (drawing the inference that "private

---

[1]The Commonwealth contends on brief and at oral argument that the appellant is procedurally barred by Rule 5A:18 from raising a separate sufficiency claim as to these two counts. However, we granted the Commonwealth's petition to reconsider the merits of the trial court's convictions. The panel satisfactorily addressed the procedural bar issue, and we decline to reconsider those arguments.

parts" in a girl's testimony described her vagina); Crump v.
Commonwealth, 20 Va. App. 609, 611-12, 460 S.E.2d 238, 239 (1995)
(drawing inference that "private parts" in child's testimony
referred to genitalia).  The Commonwealth offered no evidence
that A.W. or T.B. visually observed Mason's genitalia.

Any person at least eighteen years old who, "with lascivious
intent, . . . knowingly and intentionally:  (1) Expose[s] his or
her sexual or genital parts to any child under the age of
fourteen years to whom such person is not legally married"
commits the crime of taking indecent liberties with children.
Code § 18.2-370.

Mason argues that "expose" requires proof of visual
perception.  Although the victims felt Mason's penis touching
them, he contends that because the victims did not visually
observe the penis, he did not "expose" himself.  As defined in
the Webster's Third New International Dictionary 802 (1991),
"expose" means "to lay open to view:  lay bare:  make known:  set
forth:  exhibit, display."  Common usage of the word "expose"
also encompasses more than "lay open to view."  For example, a
person is exposed to a toxin even though the person may have no
visual perception of the substance.  "Exposure" means not only to
"lay open to view" but also to "lay open to feel or to touch."

The Virginia Supreme Court has interpreted the word "expose"
in the context of a Charlottesville city ordinance.  See Wicks v.
Charlottesville, 215 Va. 274, 276, 208 S.E.2d 752, 754-55 (1974)

- 4 -

(upholding conviction under indecent exposure ordinance where witness saw defendant holding his hand in front of his pants and urinating on public street but could not actually see organ being held by hand).  In that case, the Supreme Court declined to adopt an interpretation that would restrict indecent exposure to incidents where the offending exposure was actually observed by one or more persons.  See id.  Similarly, we decline to adopt the more restrictive definition of "exposure" as suggested by Mason in the context of Code § 18.2-370.

The evidence proved that Mason physically touched the victims' genitals with his bare penis, and this conduct was sufficient to support the trial court's finding that Mason "knowingly and intentionally . . . expose[d] . . . his genital parts" in violation of Code § 18.2-370.  Accordingly, we affirm the trial court's conviction with respect to these offenses.

Affirmed.

Benton, J., dissenting.

In accord with well established principles of statutory construction, "penal statutes must be strictly construed against the Commonwealth and applied only to those cases clearly falling within the language of the statute." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). When applying this principle, we must adhere to the equally "important principle . . . that '[w]ords in a statute are to be construed according to their ordinary meaning, given the context in which they are used.'" City of Virginia Beach v. Board of Supervisors of Mecklenburg Co., 246 Va. 233, 236, 435 S.E.2d 382, 384 (1993) (quoting Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982)). Thus, the act that is charged "must be within both the letter and the spirit of the statute; and . . . [the accused] is entitled to the benefit of any reasonable doubt in the construction of the statute." Price v. Commonwealth, 209 Va. 383, 385, 164 S.E.2d 676, 678 (1968).

> In pertinent part, Code § 18.2-370 provides:
>     Any person eighteen years of age or over,
>     who, with lascivious intent, shall knowingly
>     and intentionally:  (1) Expose his or her
>     sexual or genital parts to any child under
>     the age of fourteen years to whom such person
>     is not legally married or propose that any
>     such child expose his or her sexual or
>     genital parts to such person or (2)
>     [Repealed.] (3) Propose that any such child
>     feel or fondle the sexual or genital parts of
>     such person or propose that such person feel
>     or fondle the sexual or genital parts of any
>     such child; or (4) Propose to such child the
>     performance of an act of sexual intercourse
>     or any act constituting an offense under

§ 18.2-361 . . . shall be guilty of a Class 6 felony.

For purposes of this appeal, the relevant conduct proscribed in Code § 18.2-370(1) is "[e]xpose . . . sexual or genital parts."  Thus, by its plain and unambiguous terms, Code § 18.2-370 speaks only to the exposure of an accused's sexual or genital parts to a child or propositioning a child to expose his or her sexual or genital parts to the accused.  Code § 18.2-370 does not encompass cases where the accused touches the child or the child is caused to touch the accused.  The word "expose" ordinarily means to lay open to view.  See Webster's Third New International Dictionary 802 (1991).  I find no authority for the proposition that "expose" means "to lay open to feel or touch."

The evidence did not prove that the children saw or had the opportunity to see appellant's genitals during the sexual incidents they described.  None of the children testified that appellant exposed his genitals to their sight.  One child testified that appellant attempted to put his penis in her vagina, and the second child testified that appellant touched her between her legs with his "private part."  At all times relevant to these incidents, however, the room was dark.  No evidence proved the children saw or could have seen appellant's genitals.  The other two children testified that the appellant touched or fondled their breasts and vaginas with his hand.  Thus, the evidence failed to establish that appellant exposed his genitals to any of the four children.  Consequently, I would hold that

appellant's actions, as related by the children, did not fall within the conduct prohibited by Code § 18.2-370.

The Commonwealth argues that it is irrelevant whether the children "visually . . . observed his penis."  The Commonwealth contends that by touching the child with his penis, appellant violated the statutory proscription.  To prevail on that theory, however, the Commonwealth "must show that the words of the [statute] distinctly cover the case.  No conviction can be had if the words [of the statute] are merely equally capable of a construction that would, and one that would not, inflict the penalty."  McKay v. Commonwealth, 137 Va. 826, 830, 120 S.E. 138, 139 (1923).

When we consider the ordinary meaning of the word "expose" within the context of Code § 18.2-370, we must examine both the 1981 amendment to Code § 18.2-370 and the statutes enacted in lieu of the language deleted from Code § 18.2-370.  In 1981, the General Assembly amended Code § 18.2-370 to eliminate subsection (2), which read:  "In any manner fondle or feel, or attempt to fondle or feel, the sexual or genital part of any such child, or the breast of any such female child."  The proscriptions formerly contained in subsection (2) are now found in other statutes.  Code § 18.2-67.3(A), which the General Assembly enacted in 1981 in its revision of the sexual abuse statutes, reads as follows:  "An accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and . . . [t]he

complaining witness is less than thirteen years of age."  Code
§ 18.2-67.10(6) defines "sexual abuse" as "an act committed with
the intent to sexually molest, arouse, or gratify any person
where . . . [t]he accused intentionally touches the complaining
witness's intimate parts or material directly covering such
intimate parts."  I believe the General Assembly would not have
transferred prohibition against such conduct from Code § 18.2-370
to Code § 18.2-67.3 if it had intended to continue such
prohibition under subsection (1) of Code § 18.2-370.  See Roger
D. Groot, Criminal Offenses and Defenses in Virginia 387 (3rd ed.
1994) ("Section 18.2-370 formerly criminalized fondling; that
portion has been repealed and is found in § 18.2-67.3.").

Although the Commonwealth and the majority cite Wicks v.
Charlottesville, 215 Va. 274, 208 S.E.2d 752 (1974), as support
for an expanded definition of the word "expose," that case does
not lend comfort to the Commonwealth's argument in this case.
Wicks was prosecuted because he "urinated on a public street in
the presence of others."  Id. at 275, 208 S.E.2d at 754.  On
appeal from his conviction, the Supreme Court interpreted a
Charlottesville ordinance that codified the common law offense of
indecent exposure in a public place.  Id.  See also Noblett v.
Commonwealth, 194 Va. 241, 244-45, 72 S.E.2d 241, 243 (1952).
The Court noted that "indecent exposure" means "'[e]xposure to
sight of the private parts of the body in a lewd or indecent
manner in a public place.'"  Wicks, 215 Va. at 276, 208 S.E.2d at

754 (citation omitted) (emphasis added).  Based in significant part on this definition, the Court "construe[d] the first six words of the Charlottesville . . . Code [, 'No person shall indecently expose himself,'] as contemplating an intentional and indecent exposure in a public place where it is likely to be seen, whether actually seen by one or several persons."  Id. at 276, 208 S.E.2d at 755 (emphasis added).

The statute at issue in this case, Code § 18.2-370, is not a codification of a common law rule and does not parallel the ordinance addressed in Wicks.  If Wicks has any bearing on this case, it is because the Supreme Court in applying the common law principle of indecent exposure recognized the necessity of a visual connotation to "exposure" by requiring "'that the act is seen or is likely to be seen by casual observers.'"  215 Va. at 275, 208 S.E.2d at 754 (emphasis added) (quoting Noblett, 194 Va. at 245, 72 S.E.2d at 243).

The evidence in this case, unlike in Wicks and Noblett, did not prove that the acts occurred under circumstances where the appellant's genitals were seen or even likely to have been seen by the children.  No authority suggests that by proving the appellant touched the children with his genitals, the Commonwealth is thereby relieved of its burden of proving beyond a reasonable doubt that appellant exposed his genitals.  His genitals were neither seen, as required by the ordinary meaning of Code § 18.2-370, nor "likely to be seen," if we are required

to use the <u>Wicks</u> common law definition of indecent exposure in a public place.  215 Va. at 276, 208 S.E.2d at 755 (emphasis added).

Simply put, the Commonwealth brought this prosecution under the wrong statute.  The Commonwealth proceeded in disregard of the General Assembly's repeal of subsection (2) from Code § 18.2-370.  Thus, for these reasons and for the reasons stated in the panel opinion issued May 5, 1998, I would reverse the convictions.