**UNITED STATES of America**

v.

**Robert George STATLER, Defendant.**

No. Crim. 00–281–MG.

United States District Court, E.D. Virginia, Alexandria Division.

Nov. 28, 2000.

Calvin Steinmetz, Washington, DC, for plaintiff.

Stephanie D. Evans, Special Assistant U.S. Attorney, U.S. Attorney's Office, Alexandria, VA, for defendant.

### *MEMORANDUM OPINION*

ELLIS, District Judge.

The question presented by defendant Robert George Statler's motion to dismiss Count II of the Criminal Complaint is whether a charge of disorderly conduct under 36 C.F.R. § 2.34 for public masturbation precludes the application of the Assimilated Crimes Act ("ACA"), 18 U.S.C. § 13, to support a charge under the Virginia indecent exposure statute, Va.Code § 18.2–387, for the same conduct. For the reasons that follow, assimilation of the Virginia statute in these circumstances is inappropriate.

**I**

On July 26, 2000, a United States Park Police Officer allegedly observed defendant masturbating in a public restroom at Turkey Run Park in McLean, Virginia—a federal park administered by the National

Park Service. Defendant was subsequently arrested and charged, in a two-count criminal complaint, with (i) disorderly conduct in violation 36 C.F.R. § 2.34 [1] and (ii) indecent exposure in violation of the Virginia indecent exposure statute, Va.Code § 18.2–387,[2] as assimilated by the ACA, 18 U.S.C. § 13. Defendant seeks threshold dismissal of Count II of the Criminal Complaint—the state indecent exposure charge—on the ground that assimilation of the Virginia law is inappropriate in this case.

## II

The ACA provides for the application of state penal statutes to any act or omission committed or omitted in a federal enclave, where the act or omission, "although not punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State." 18 U.S.C. § 13(a). In so doing, "[t]he [ACA] promotes the even-handed application of state law to local conduct that the federal law does not punish and, but for

the situs being a federal enclave, would qualify as a local offense." *United States v. Waites,* 198 F.3d 1123, 1127 (9th Cir. 2000). In essence, the ACA "adopt[s] for otherwise undefined offenses the policy of general conformity to local law," [3] and assimilation serves "to fill gaps in the federal criminal law that applies on federal enclaves." [4]

Guidance on the application of the ACA is found in *Lewis v. United States,* 523 U.S. 155, 118 S.Ct. 1135, 140 L.Ed.2d 271 (1998), where the Supreme Court fashioned a two-step inquiry for determining whether a state law may be assimilated under the ACA. The first step in the *Lewis* inquiry is to ask whether "the defendant's 'act or omission [is] made punishable by any enactment of Congress.'" *Id.* at 164, 118 S.Ct. 1135 (quoting 18 U.S.C. § 13(a)). A negative answer "will normally end the matter" and trigger ACA assimilation to fill a gap in federal law. *Id.* An affirmative answer, however, does not end the inquiry and bar assimilation; rather, a

1. Section 2.34 provides as follows:

   (a) A person commits disorderly conduct when, with intent to cause public alarm, nuisance, jeopardy or violence, or knowingly or recklessly creating a risk thereof, such person commits any of the following behavior:

   (1) Engages in fighting or threatening, or in violent behavior.

   (2) Uses language, an utterance, or gesture, or engages in a display or act that is obscene, physically threatening or menacing, or done in a manner that is likely to inflict injury or incite an immediate breach of the peace.

   (3) Makes noise that is unreasonable, considering the nature and purpose of the actor's conduct, location, time of day or night, and other factors that would govern the conduct of a reasonably prudent person under the circumstances.

   (4) Creates or maintains a hazardous or physically offensive condition.

   (b) The regulations contained in this section apply, regardless of land ownership, on all lands and waters within a park area that are under the legislative jurisdiction of the United States.

   36 C.F.R. § 2.34.

2. The Virginia indecent exposure statute provides as follows:

   Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another so to expose himself, shall be guilty of a Class 1 misdemeanor. No person shall be deemed to be in violation of this section for breastfeeding a child in any public place or where others are present.

   Va.Code § 18.2–387.

3. *United States v. Sharpnack,* 355 U.S. 286, 289, 78 S.Ct. 291, 2 L.Ed.2d 282 (1958).

4. *Lewis v. United States,* 523 U.S. 155, 160, 118 S.Ct. 1135, 140 L.Ed.2d 271 (1998); *see also United States v. Fox,* 60 F.3d 181, 183 (4th Cir.1995) ("[T]he United States may invoke the [ACA] to prosecute an offense under state law only when there is no enactment of Congress that punishes the offender."); *United States v. Broadnax,* 688 F.Supp. 1080, 1082 (E.D.Va.1988) ("The purpose of the ACA is to fill in the 'gaps' in the criminal law applicable to federal enclaves where such gaps result from the failure of Congress to pass legislation prohibiting certain conduct.").

court must then "ask the further question whether the federal statutes that apply to the 'act or omission' preclude application of the state law in question." *Id.* In this regard, "[t]he primary question . . . is one of legislative intent: Does applicable federal law indicate an intent to punish conduct such as the defendant's to the exclusion of the particular state statute at issue?" [5] *Id.* Thus, assimilation would be inappropriate where no gap exists in the federal law applicable to a defendant's conduct and the application of state law would *inter alia* only (i) "interfere with the achievement of a federal policy," (ii) "effectively rewrite an offense definition that Congress carefully considered," or (iii) frustrate an intent revealed in federal statutes "to occupy so much of the field as would exclude use of the particular state statute at issue." *Id.* (citations omitted). Conversely, "a substantial difference in the kind of wrongful behavior covered (on the one hand by the state statute, on the other, by federal enactments) will ordinarily indicate a gap for a state statute to fill," and assimilation in that instance would be appropriate. *Id.* at 165, 118 S.Ct. 1135.

These principles, applied here, compel the conclusion that assimilation of the Virginia indecent exposure statute is inappropriate in this case. To begin with, there is little doubt that masturbation in a public bathroom, if proven, fits well within the federal regulation proscribing "a display or act that is obscene." 36 C.F.R. § 2.34. And, because the Secretary of the Interior has the statutory authority to make and publish "regulations as he may deem necessary and proper for the use and management of parks," 16 U.S.C. § 3, Section 2.34 has "the force and effect of law," *United States v. Fox,* 60 F.3d 181, 184 (4th Cir. 1995). It follows, then, that *Lewis*'s first question may be confidently answered in the affirmative: Defendant's act of masturbation in a public place "is made punishable by . . . [an] enactment of Congress." *Lewis,* 523 U.S. at 164, 118 S.Ct. 1135. This, by itself, does not end the inquiry. Assimilation of the Virginia statute is further contingent on a negative answer to the second *Lewis* question: Does the federal regulation reflect an intent to punish conduct such as defendant's to the exclusion of state law?

In answering this second question, it is important to note that, with regard to public masturbation in the circumstances at bar, there is no federal law gap. A review of the language of Section 2.34 and the Virginia indecent exposure statute shows that the federal provision is broader than, and fully encompasses the range of acts prohibited by, the Virginia indecent exposure statute.[6] There is, moreover, no qualitative difference in the nature of the behavior reached by the two provision. In this regard, there is no gap in Section 2.34 applicable to the circumstances at bar, and assimilation would only frustrate an intent "to occupy so much of the field as would exclude use of the particular state statute at issue," as revealed by the broad language of Section 2.34. *Lewis,* 523 U.S. at

5. It is worth noting that Justice Scalia, sensitive to the speculative nature of an inquiry into legislative intent, suggested in his concurring opinion an alternative approach to ACA assimilation—one based on "[t]he common law's taxonomy of criminal behavior developed over the centuries through the interplay of statutes and judicial decisions, and its basic categories of criminal offenses." *Lewis,* 523 U.S. at 179, 118 S.Ct. 1135 (Scalia, J., concurring). Under this alternative approach, a state statute may be assimilated "if, and only if, the federal criminal statutes simply failed to cover some significant 'offence' category generally understood to be part of

the common law." *Id.* (Scalia, J., concurring).

6. Section 2.34 applies to a person who "engages in a display or act that is obscene," 36 C.F.R. § 2.34, while the Virginia indecent exposure statute punishes a person who "makes an obscene display or exposure *of his person, or the private parts thereof,*" Va.Code § 18.2–387 (emphasis added). Clearly, insofar as obscenity under the Virginia indecent exposure statute requires a display or exposure of parts of one's body, but Section 2.34 does not, the federal provision covers a broader range of acts reached by the Virginia statute.

165, 118 S.Ct. 1135. As the Ninth Circuit has observed, where, as here, there is no gap for the state statute to fill, *Lewis*'s second question must be answered against assimilation, as assimilation of the state law would only conflict with the federal interest in the application of a uniform body of federal law to federal enclaves, serve only to rewrite a carefully considered federal law, and would "attempt to shoehorn a gap in the federal enclave law where the federal law preempts assimilation with uniform legislation." *Waites*, 198 F.3d at 1129. Thus, as *Lewis* itself teaches, "it seems fairly obvious that the [ACA] will not apply where both state and federal statutes seek to punish approximately the same wrongful behavior." *Lewis*, 523 U.S. at 165, 118 S.Ct. 1135. Here, because the Virginia indecent exposure statute clearly punishes behavior prohibited by Section 2.34, "there is no gap to be filled in the federal enclave law by the state statute, ... the intent to exclude application of state law is obvious, and the state law is not assimilated." *Waites*, 198 F.3d at 1129.[7]

Seeking to avoid this result, the government offers two arguments. First, it argues that there is a gap in Section 2.34 because the regulation does not create varying degrees of punishment for disorderly conduct and thereby treats and punishes equally, for example, convictions for disturbing the peace by noise and for exposing one's genitalia to children. This argument fails for it misapprehends the nature of a gap that will warrant assimilation of state law. The government's suggested "gap" is not founded on any gap in coverage applicable to this case; clearly no such gap exists, as the federal provision reaches and punishes the act of public masturbation alleged here. The only difference between Section 2.34 and the Virginia indecent exposure statute in this case is found in the punishment prescribed by each law. A Section 2.34 violation is generally punished as a petty offense carrying a maximum sentence of a fine and 6 months imprisonment. *See* 36 C.F.R. § 1.3. A conviction for indecent exposure under Virginia law, on the other hand, is a Class 1 misdemeanor that carries a maximum sentence of 12 months confinement and a $2,500 fine. *See* Va.Code § 18.2–11. Yet, simply put, a difference in available punishment does not create a gap that warrants assimilation of state law, where, as here, the federal law punishes conduct that is qualitatively no different from conduct reached by the state law sought to be assimilated. As the Supreme Court noted in *Lewis*, "it seems fairly obvious that the Act will not apply where both state and federal statutes seek to punish approximately the same wrongful behavior— where, for example, differences among elements of the crimes ... amount only to those of name, definitional language, *or punishment.*" *Lewis*, 523 U.S. at 165, 118 S.Ct. 1135 (emphasis added). Here, both Section 2.34 and the Virginia indecent exposure statute clearly seek to punish approximately the same wrongful behavior, and the government's attempt to assimilate Virginia law simply to impose greater punishment on the defendant must fail.

Equally unpersuasive is the government's second argument that failure to assimilate the state statute in this case would unduly restrict its discretion to charge more serious offenders, such as a person who exposes his genitalia to children, for instance, with violations of Virginia law. The short answer to this argument is that it is irrelevant to this case; it

---

7. Worth noting here is that the same result would obtain under Justice Scalia's approach, as both Section 2.34 and the Virginia indecent exposure statute cover the same basic "offence" categories of lewdness and indecent exposure "generally understood to be part of the common law." *Lewis*, 523 U.S. at 179, 118 S.Ct. 1135 (Scalia, J., concurring); *see*

*Noblett v. Commonwealth*, 194 Va. 241, 72 S.E.2d 241 (1952) (discussing the common-law offense of indecent exposure and "[a]cts of gross and open indecency or obscenity") (quotations omitted); *see also* 50 Am.Jur.2d 269 (1995) (discussing lewdness, indecency, and obscenity); 94 A.L.R.2d 1353 (1964).

929

focuses on a hypothetical gap that may exist in some other case but does not exist in this case. The only gap relevant here is one that pertains to the conduct at issue—namely, public masturbation. As to that conduct, of course, no gap exists; the federal provision covers it. That the regulation here at issue may not adequately reach other conduct—such as exposure of genitalia to a child—may or may not warrant assimilation of a statute in such a case.[8] That is a question for another day in a different case. Because no gap exists with respect to the conduct here at issue, there is no occasion for the ACA to operate to assimilate the Virginia indecent exposure statute.

An appropriate Order shall issue.

---

8. *Lewis* provides the rationale for assimilation in such circumstances by noting that assimilation of a "highly specific state law aimed at a serious, narrowly defined evil" may be appropriate in the face of a broad federal statute aimed at a qualitatively different harm that covers a defendant's act. *Lewis,* 523 U.S. at 161, 118 S.Ct. 1135. *Compare* Va.Code

§ 18.2–387 (punishing "obscene display or exposure of [one's] person or the private parts thereof" as a misdemeanor), *with id.* § 18.2–370 (punishing the "knowing[ ] and intentional[ ] . . . expos[ure] of [one's] sexual or genital parts to any child under the age of fourteen years" as a felony).