STATE OF MAINE *vs.* BENJAMIN BUCKWALD.

Cumberland.    Opinion August 30, 1918.

*Indictments.    Criminal pleading.    Meaning and scope of words "then and there"
as used in the Statute.    Evidence.*

This was an indictment for accepting money from a prostitute contrary to the
provisions of R. S., Chap. 126, Sec. 16.   The case was tried before a jury at
the May term, 1917, of the Superior Court for the County of Cumberland;
a verdict of guilty was returned, and the case is before the court on exceptions.

*Held:*

1.   Various offenses are mentioned in Chap. 126, R. S., in any one and all of
which Section 20 applies, its clear purpose being to make use of and make
admissible reputation of ill repute, in the highest interest of society, to the
end that such practices as are here in question, and kindred offenses, shall be
stamped out.   The testimony was properly admitted.

2.   Testimony of similar acts was adm ssible for the purpose of showing intent;
and this, with all the other testimony and circumstances in the case, was
submitted to the jury, and properly so.

3.   The indictment follows the statute, and at the beginning, and again at the
conclusion, uses the words "then and there," which can have but one meaning,
and in our criminal proceedings have had but one meaning for a century.
As used in the indictment, no doubt can arise in the mind of any person as to
the exact meaning of the words being that the money in question was from the
earnings of a prostitute while engaged in prostitution.

Indictment for accepting money contrary to provisions of R. S.,
Chap. 126, Sec. 16.   After verdict of guilty, respondent filed motion
in arrest of judgment.   Motion was overruled; to which ruling and
also to the admission of certain testimony, respondent filed excep-
tions.   Exceptions overruled.

Case stated in opinion.

*Carroll L. Beedy,* County Attorney, *and Jasper H. Hone,* Asst.
County Attorney, for State.

*William C. Eaton, W. C. Whelden, and Henry N. Taylor,* for
respondent.

SITTING: CORNISH, C. J., SPEAR, BIRD, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

HANSON, J. This was an indictment for accepting money from a prostitute contrary to the provisions of R. S., Chap. 126, Sec. 16. The case was tried before a jury at the May term, 1917, of the Superior Court for the County of Cumberland; a verdict of guilty was returned, and the case is before the court on exceptions.

The indictment follows: "The Grand Jurors for said State upon their oath present that Benjamin Buckwald of said Portland, on the fifteenth day of June, A. D. 1915, at said Portland, feloniously did accept, receive, levy and appropriate, without consideration, from the proceeds of the earnings of Sadie Cohen of said Portland, a woman then and there engaged in prostitution, money, to wit, certain gold, silver, nickel, and copper coins and divers national Bank bills, United States Treasury notes and certificates, current as money in the United States of America, a more particular description and the value and amount of which is to your Grand Jurors unknown, the said Buckwald then and there knowing that said money was from the earnings of the said Sadie Cohen and that she was a woman then and there engaged in prostitution, against the peace of said State and contrary to the form of the statute in such case made and provided."

The first exception was to the admission of the following question and answer: "Q—What was the reputation of 63 Commercial Street with reference to purposes of prostitution during the summer of 1915, between the first of May and last day of November? Answer. It is a disorderly house." Second: Sadie Cohen, named in the indictment, was allowed to testify against objection that on the day of her arrival May first or May second, 1915, she engaged in prostitution, (before the day alleged in the indictment) and that after May 15 on various occasions she engaged in prostitution at the place above named, which place was occupied by the defendant and herself, and that she paid over one-half the proceeds thereof to the defendant. Other witnesses testified to similar acts on the part of Sadie Cohen subsequent to the day alleged in the indictment, and the payment by her of money to the defendant. Third: After verdict of guilty and before judgment the defendant filed a motion in arrest of judgment upon the ground that "said indictment is bad in that it does not set out any offense against the common law or any statute of this State."

. As to the first exception: Section 20 of the Act provides; "In any prosecution under the six preceding sections, evidence of the general reputation or common fame of a house or place 'shall be admissible for the purpose of proving that the house or place is one of ill fame, prostitution or assignation." The language used needs no construction by us to show the intention of the legislature. Various offenses are mentioned in the "six preceding sections," in any one and all of which Section 20 applies; its clear purpose being to make use of, and make admissible such reputation of ill repute, in the highest interest of society, to the end that such practices as are here in question, and kindred offenses, shall be stamped out. The testimony was properly admitted, and the respondent takes nothing from this exception.

As to the second exception: The respondent claimed as matter of law that the offense charged in the indictment was a single and not a continuing offense, and that while the State was not bound by the date laid in the indictment, but could introduce evidence tending to prove the commission of the offense on any date within six years prior to the finding of the indictment, having introduced evidence tending to prove the commission of the alleged offense on a particular occasion, further testimony relative to separate and subsequent alleged commissions of the offense was not admissible. The cases do not so hold, and such has not been the practice in similar cases. Here the presiding Justice ruled, if he ruled at all, as follows: "My ruling would be that the State may show any similar acts at or about the time alleged in proof of the intent." Following this, counsel for the respondent asked: "Within a period of six months, that is the question here, from May 1st to November 1st," and the court replied, "Within that period, yes." The rule is universal that such testimony is admissible for the purpose offered. Moreover it appears that the presiding Justice was very careful to so limit the testimony, which with all the other testimony and circumstances in the case, were submitted to the jury, and properly so. We find nothing in the case to show error prejudicial to the respondent, and he can take nothing by this exception. *State* v. *Acheson*, 91 Maine, 240; *State* v. *Bennett*, 117 Maine, 113.

The third exception calls in question the validity of the law itself, and counsel says that it does not set out "any offense against the common law or any statute of the State." His reasoning is that the

indictment, which is in the exact words of the statute, does not state definitely that the money claimed to have been paid was, within the meaning of the law, money actually received from the proceeds of the earnings of Sadie Cohen as a prostitute; that while she may have earned money as a prostitute, she might possess other money from legitimate sources from which she could have paid the respondent, and, if so, the proper construction of the statute justifies his claim under this exception, because the indictment nowhere states that such money was earned by prostitution. The indictment follows the statute, and at the beginning, and again at the conclusion, uses the words "then and there," which can have but one meaning, and in our criminal proceedings have had but one meaning for a century. As used in the indictment, no doubt can arise in the mind of any person as to the exact meaning of the words being that the money in question was from the earnings of a prostitute while engaged in prostitution.

It is held in *State of Washington, Respondent,* v. *Felix Crane, Appellant,* 88 Wash., 210, 1915, the only case before us dealing with a like question under a similar statute, that "An information charging in the language of the statute the accused with accepting the earnings of one G. B., she then and there being a common prostitute, sufficiently charges the offense of accepting the earnings of a prostitute, it not being necessary to specify that the earnings so given were unlawful earnings accepted for an unlawful purpose, or to state specifically what was received."

The motion was properly overruled. The entry will be,

*Exceptions overruled.*