# Richmond

JAMES MULLINS V. COMMONWEALTH OF VIRGINIA.

November 20, 1939.

Record No. 2179.

Present, All the Justices.

*S. H. & Geo. C. Sutherland,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

BROWNING, J., delivered the opinion of the court.

The plaintiff in error was convicted of an attempt to commit rape upon a child about four and one-half years old, and sentenced to the penitentiary for five years.

We take the following statement of the facts from the Commonwealth's brief. It appears to be accurate and unbiased, and the verdict of the jury entitles the Commonwealth to have the facts stated according to the version established by its evidence.

Mr. and Mrs. Richard Wagner live a very short distance from the railroad track, which runs parallel with the front of their home. They have two daughters, Mildred, who is six and one-half years old, and Betty Joyce, who is four and one-half years old. On January 5, 1939, these two children were playing in front of their home. A man called to them

and induced Betty Joyce to go to him by the promise of giving her candy. This was between twelve-thirty and two-thirty o'clock, P. M. It was a rainy day, but not cold for the time of year. The man was on the railroad track when he called to the children. When Betty Joyce responded to the call by going to the man, Mildred went into the house and told her mother of the happening. As Mrs. Wagner came out of the house with Mildred they met Betty Joyce coming from the railroad track toward the highway with her panties in her hand. She informed her mother how she had been treated by the man and told her that he had gone down the railroad track between the coal cars. Thereupon a search was instituted for him and the plaintiff in error was finally apprehended at his grandfather's home in Kentucky. This was about fifteen miles from the place of the alleged occurrence, which was Big Rock in Buchanan County, Virginia. He was taken there by the officers and, according to the evidence of the Commonwealth, was identified by the children as the perpetrator of the alleged crime.

We will not go further into the details of the evidence because they are obscene and it is not necessary for them to be stated, inasmuch as the case will have to be reversed because of error in the refusal of the court to grant, at the request of the accused, instruction 4-a.

██ The Commonwealth made out a strong case against the accused, based mainly upon the testimony of the two children. Their testimony was received by the court without the accustomed examination to test their competency as witnesses. Undoubtedly the court should have done this. Their testimony shows an unusual degree of intelligence for those of such tender years. One of the main tests, however, of the competency of children as witnesses is their understanding and appreciation of the sanctity of an oath and what, we are taught, may be the consequences of prevarication. We cannot say, however, that in this case it is reversible error.

The accused denied that he was guilty and undertook to establish an alibi by his own testimony, that he was else-where, at the time of the happening, and there was other evidence tending to show this. Undoubtedly, he was entitled to have the jury instructed as to the effect of this evidence upon the question of his guilt or innocence. This he sought to do by offering instruction 4-a, which has been referred to. The court refused to give the instruction. It is this:

"The court instructs the jury that the evidence introduced by the defendant, that he was not at the scene of the alleged crime, need not have been such as to establish this as a fact, to entitle him to an acquittal; but if its effect has been such as to bring you to that state of mind that you have any reasonable doubt of his presence there, it is as much your duty to find him not guilty in this case, as it would be if you were convinced he was not there or was otherwise not guilty. If there is a reasonable doubt in your minds as to this, it is a fact in the case that he was not there, and it is to be by you so considered in his behalf as much as if proven to be true beyond any question of doubt."

In the recent case of *Hale* v. *Commonwealth*, 165 Va. 808, 814, 183 S. E. 180, 183, this court quoted, with approval, what was said in the case of *Sims* v. *Commonwealth*, 134 Va. 736, 754, 115 S. E. 382, 388:

" 'The prisoner never has to prove any fact either beyond a reasonable doubt or by a preponderance of the evidence. All he has to prove in any case is such a state of facts as will raise a reasonable doubt in the minds of the jury as to the existence of the fact or facts to be established by the Commonwealth, * * *' "

It is patent that the instruction is a correct statement of the law and that the testimony referred to required it to be given to the jury. That it was not given is prejudicial error.

Instruction 2, granted at the request of the Commonwealth, is objectionable because there is incorporated in it the expression "or throwing her down." The evidence does

not justify this statement, though it may not be of such serious nature as to constitute reversible error.

Subject to what we have said, we think the jury was correctly charged. For the failure to give instruction 4-a we reverse the judgment of the court and remand the case to be proceeded with as the Commonwealth may be advised, not inconsistent with this opinion.

*Reversed and remanded.*