[Crim. No. 248.    Fifth Dist.    Apr. 19, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. EVERETT LEE BLACK, Defendant and Appellant.

Robert J. Cooke, under appointment by the District Court of Appeal, and George O. Brekke for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Roger E. Venturi and Harold F. Bradford, Deputy Attorneys General, for Plaintiff and Respondent.

CONLEY, P. J.—Everett Lee Black was convicted of pimping, in violation of section 266h of the Penal Code. The evidence was ample to prove his guilt of procuring for the purpose of prostitution. The court pronounced judgment that he be imprisoned in the state prison for the term prescribed by law but then suspended execution of the sentence and placed the defendant on probation for five years, subject to certain conditions; a short time later, a warrant was issued for defendant's arrest and he was found to have violated the terms upon which the sentence had been suspended, and his probation was revoked; it was ordered that the sentence previously imposed be executed.

James Hall, a detective sergeant of the Roseville Police Department, operated as an undercover agent for law enforcement in the City of Oroville, beginning Saturday, September 5, 1964; he met appellant Black at a tavern there; he told Black that he had been recommended to him as a "good person to contact." From the time of the original meeting and through the next period of 12 hours or so, several conversations took place between the defendant and the officer; Black asked him if he was interested in "a little action," and proceeded to arrange for an opportunity for the officer to have sexual relations with Black's woman companion, Barbara Richardson. Officer Hall paid Black $20, and after the meeting with Barbara Richardson was arranged, he accompanied the woman to her place of temporary residence where the officer gave her an additional $10. After she had disrobed, the officer arrested Barbara and took her to the police station. Another policeman, working in collaboration with Officer Hall, arrested defendant Black at a different place and "frisked" him immediately, finding at that time that he had paper money in his pocket; the defendant was taken to the police station where the paper money on his person was removed and counted; it was there noted that some of the bills were the

same as those previously given by Officer Thompson to Hall after serial numbers had been recorded.

At the trial, Barbara Richardson took the stand and testified that she was asked by defendant Black to have sexual relations with Officer Hall; she corroborated Hall's testimony as to their meeting and what took place there.

George Oliver testified that on two different occasions, one before Black's arrest and one afterwards, Oliver had sexual intercourse with Barbara Richardson as a result of arrangements made by him with Black; he said that on the first occasion he paid the sum of $30 to appellant for the illicit purpose, and that the next time he paid the same sum directly to Barbara Richardson.

In defense, the appellant specifically denied that he had procured for Barbara Richardson; although he did admit that he received $20 from Officer Hall, he stated that, when it was handed to him, Hall said ''give her this''; he professed entire innocence and said that he did not know why George Oliver and Hall gave money to him to pay to the Richardson woman.

The defendant, on appeal, contends that the judgment should be reversed because he argues:

(1) that evidence of other similar crimes should not have been admitted;

(2) that his arrest was unlawful and the activities of the police constituted unreasonable search and seizure; and

(3) that the alleged instigation of a crime by police officers gives rise to the availability of the defense of entrapment.

The first argument made by appellant that in the circumstances evidence of other similar crimes or acts should not have been admitted is without sanction in law. In *People* v. *Brown*, 168 Cal.App.2d 549, 553 [336 P.2d 1], it is pointed out that answers to questions asked of a witness concerning other offenses which were material to the issues before the court were properly received in evidence. In *People* v. *Sanders*, 114 Cal. 216, 230 [46 P. 153], the following principle is stated: ''If the evidence of another crime is necessary or pertinent to the proof of the one charged, the law will not thwart justice by excluding that evidence, simply because it involves the commission of another crime. (*People* v. *Tucker*, 104 Cal. 440 [38 P. 195].) The general tests of the admissibility of evidence in a criminal case are: 1. Is it a part of the *res gestae?* 2. If not, does it tend logically, naturally, and by reasonable inference, to establish any fact material for the people, or to over-

come any material matter sought to be proved by the defense? If it does, then it is admissible, whether it embraces the commission of another crime or does not, whether the other crime be similar in kind or not, whether it be part of a single design or not." (See also *People* v. *Raleigh,* 83 Cal.App.2d 435, 442 [189 P.2d 70].)

During the trial, counsel for defendant objected to an account of the George Oliver transactions on the ground that they were too remote. The court properly overruled the objections as the evidence showed that the defendant utilized a "plan, scheme, system, design" in his operations in Oroville as a pimp, and that he exercised a "characteristic behavior pattern" in connection with his activities. (*People* v. *Mims,* 160 Cal.App.2d 589, 597 [325 P.2d 234].)

The second contention of appellant, namely, that there was an unlawful arrest, is equally unavailing to him. It is clear that the arrest of Black was legal; section 836 of the Penal Code allows an arrest without a warrant when there is reasonable cause to believe that the person in question has committed a felony. (*People* v. *Torres,* 56 Cal.2d 864 [17 Cal. Rptr. 495, 366 P.2d 823]; *Ker* v. *California,* 374 U.S. 23 [83 S.Ct. 1623, 10 L.Ed.2d 726].) The record shows that Officer Thompson, who made the arrest, had seen money pass from Officer Hall to the defendant Black, and that he had been informed by his brother officer of the details of the financial transaction and of the preparation by Barbara Richardson for an act of prostitution. It cannot be doubted that he had reasonable cause to believe that appellant had committed the felony for which he was later convicted.

The search which took place after the arrest was also clearly legal (*Willson* v. *Superior Court,* 46 Cal.2d 291 [294 P.2d 36]; *People* v. *Ingle,* 53 Cal.2d 407 [2 Cal.Rptr. 14, 348 P.2d 577]; *Ker* v. *California, supra,* 83 S.Ct. 1623). The search for a possible weapon at the time of the arrest disclosed that the defendant did have paper money in his pocket. After he and the arresting officer walked to the police station, the bills were removed and it was found that some of the currency tallied with prior notes of the markings on the bills. Furthermore, no objection was made to the introduction of this evidence at the trial, and, therefore, no ground exists for the making of such an argument on appeal. (*People* v. *Coblentz,* 229 Cal.App.2d 296, 298 [40 Cal.Rptr. 116].)

The suggestion of entrapment completely falls flat; the record shows that the officer did not create in the mind of the

defendant the idea of committing a crime. The evidence clearly indicates that the defendant intended to procure earnings from the prostitution of Barbara Richardson, and that the inquiry of the officer upon meeting him at a tavern merely furnished an opportunity for the breach of the law.

The trial judge could not reasonably accept the suggestion that the defendant, as an innocent person, had his mind implanted by Officer Hall with the idea of procuring for his woman companion, nor can we. (*People* v. *Benford,* 53 Cal.2d 1 [345 P.2d 928].) The record, incidentally, shows that Black gleefully spent the money, which he said Oliver gave him to "hold" for Barbara, about a week before his arrest, in dining, drinking, and dancing. The finding of guilt was fully justified.

The judgment is affirmed.

Stone, J., concurred.