# Richmond

## LILLIAN MINOR v. COMMONWEALTH OF VIRGINIA.

October 9, 1972.

Record No. 7998.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Harold W. Adams*, for plaintiff in error.

*Lawrence E. Blake, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Lillian Minor, the defendant, was convicted by a jury on an indictment charging that she, on the 26th day of April 1971, "did unlawfully and feloniously knowingly receive money from the earnings of a female engaged in prostitution for no consideration being good

and valuable in law." [1] Defendant was sentenced in accordance with the verdict of the jury to two years in the penitentiary and ordered to pay a fine of $500. To this judgment, the defendant was granted a writ of error.

Defendant's assignments of error challenge (1) the sufficiency of the evidence to support the conviction; (2) the admissibility of evidence of a similar but separate offense; and (3) the refusal of the court to grant an instruction on alibi.

■ The evidence, briefly stated, shows that the defendant operated the Priscilla Hotel located in Prince William County. Louise Hawks occupied a room at the hotel and worked there as a prostitute from March 1971 until April 27, 1971. The financial arrangement between defendant and Louise was that each would receive one-half of the $20.00 fee charged customers who engaged in sexual intercourse with Louise. The fee was to be collected from the customers by either the defendant or her bartender.

On the afternoon of April 26, 1971, a man appeared at the hotel seeking the services offered by Louise. After the man talked with the defendant she indicated to Louise that the fee had been paid, and the man and Louise went to one of the upstairs bedrooms in the hotel and engaged in an act of sexual intercourse.

The next day some discord developed between Louise and the defendant and Louise reported the activities at the hotel to the police. That night, April 27, in accordance with an understanding between Louise and a police officer, the officer went to the hotel purportedly to engage Louise's services. Defendant was not present but the officer, using marked money, paid defendant's bartender the usual fee for Louise's services and he was told to meet Louise in a certain room upstairs in the hotel. After waiting in the room with the officer for the defendant to return to the hotel, Louise went downstairs and told defendant that "the gentleman wanted to stay longer," gave the defendant two $10.00 bills, and she returned to the room where the officer was waiting. The serial numbers of the bills were recorded by the officer before Louise left the room.

Thereafter another police officer entered the hotel and talked with the defendant. She then handed him the money received from her bartender and Louise.

One of defendant's witnesses testified that defendant assisted her in moving some household goods on April 26, 1971; that she was

1. Section 18.1-208, Code of 1950, as amended, 1960 Repl. Vol.

with defendant the entire day and night of the 26th; and that defendant did not go to the hotel that day or night. Other witnesses who participated in the aforementioned move were called on behalf of defendant, but they were not as certain as to the whereabouts of defendant during the day in question.

There was ample evidence from which the jury could find that defendant did knowingly receive money on April 26 from Louise's earnings as a prostitute without consideration deemed good and valuable in law.

■ We do not agree with defendant's contention that the trial court erred in admitting evidence of the crime occurring on the night of April 27.

Generally, evidence that an accused committed another crime independently of and unconnected with the one for which he is on trial is not admissible. But there are a number of well recognized exceptions to this rule. Evidence of another crime is admissible where it tends to establish a common scheme, plan, system, design or course of conduct, and when such crime is so related to the crime charged that proof of one tends to establish the other, or tends to establish motive, intent, or knowledge. *Kirkpatrick* v. *Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970); *Harris* v. *Commonwealth*, 211 Va. 742, 180 S.E.2d 520 (1971); *Webb* v. *Commonwealth*, 154 Va. 866, 872-74, 152 S.E. 366, 368 (1930).

Evidence that an accused received a part of the earnings of a prostitute on other occasions not too remote in time to the offense charged has been held admissible as tending to show a system or uniform plan from which motive, criminal intent or knowledge may be inferred. See *People* v. *Black*, 241 Cal.App.2d 602, 605, 50 Cal.Rptr. 802, 804 (1966); *Cole* v. *State*, 156 Ark. 9, 245 S.W. 303 (1922); *State* v. *Buckwald*, 117 Me. 344, 104 A. 520 (1918); *State* v. *Petropoulapos*, 217 Mich. 198, 185 N.W. 730 (1921); 73 C.J.S., Prostitution, § 11, at 249, 250.

In the present case, the evidence complained of was admissible to show the relationship between the defendant and Louise and the defendant's participation in a common scheme, plan, or course of conduct which tended to establish motive, criminal intent, and knowledge.

■ Defendant says it was reversible error for the trial court to refuse instruction F, which would have told the jury that evidence that she was not at the scene of the crime need not be such as to establish

this fact, but if the same creates and leaves in the minds of the jurors a reasonable doubt of her presence there, then the jury should find her not guilty. She relies on *Mullins* v. *Commonwealth*, 174 Va. 472, 475, 5 S.E.2d 499, 500 (1939); and *Noblett* v. *Commonwealth*, 194 Va. 241, 247-48, 72 S.E.2d 241, 245 (1952).

In *Mullins* it was held reversible error not to give the requested alibi instruction, but in *Noblett* this court held that an instruction offered in the same language as that offered in *Mullins* was not a correct statement of the law. The principles upon which an alibi instruction should be based were fully set out in *Noblett*, and it was held in that case that the failure to give the requested alibi instruction in the form in which it was offered was not error. *Noblett* was reversed for failure to give an instruction on the issue of the identification of the accused, and it was said that on the retrial of the case a proper alibi instruction should be given.

In *Poole* v. *Commonwealth*, 211 Va. 258, 260-61, 176 S.E.2d 821, 823-24 (1970), we held that the refusal of the trial court to give an identity instruction which was couched in the same language as the one refused in *Noblett* was not error because the jury was fully instructed on presumption of innocence and reasonable doubt and a separate identity instruction was not required.

The rationale in *Poole* is applicable in the present case. Here the jury was fully and completely instructed on presumption of innocence and reasonable doubt. The jury was further told that "if there is any reasonable doubt that the accused did knowingly receive such money on April 26, 1971," or if they had any reasonable doubt of the defendant's guilt of the crime charged against her "on the whole case," they should acquit her.

If the jury entertained a reasonable doubt of the defendant's presence at the hotel on April 26, the date charged in the indictment, they could not have convicted her under the court's instructions. Hence a separate instruction on alibi was neither necessary nor required.

We hold that it was not reversible error for the trial court to refuse defendant's alibi instruction F, and to the extent that *Mullins* and *Noblett* are in conflict with this holding, they are expressly overruled.

For the reasons stated, the judgment is

*Affirmed.*