# Richmond

## HERMAN CRABBE, JR.

## V.

## COMMONWEALTH OF VIRGINIA

October 10, 1980.

Record No. 800132.

Present: All the Justices.

*R. Randolph Willoughby* for appellant.

*Vera S. Warthen, Assistant Attorney General* (*Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

We consider here whether the trial court erred in refusing an alibi instruction offered by the accused.

The grand jury returned three robbery indictments against Herman Crabbe, Jr. The three charges were combined for trial by jury. The first offense occurred on January 29, 1979 at 2:00 a.m., the second and third on February 1, 1979 at 9:45 and 11:15 p.m. Crabbe's wife testified that she and her husband had spent the entire night of January 29 at home. According to Barbara Robinson, she and Crabbe had been together all day on February 1 until he left with Robert Hogan at 10:45 or 11:00 p.m. Testifying for the Commonwealth, Hogan said that Crabbe had assisted him in the commission of all three crimes, that he had used Crabbe's gun, and that Crabbe had received all the money.

After Crabbe had finished his direct testimony denying complicity in the crimes, the court considered proposed instructions and his counsel requested the following:

> "The Court instructs the jury that the evidence introduced by the defendant that he was not at the scene of the alleged crime need not be such as to establish this as a fact in order to entitle him to an acquittal; but if it is such as to create and leave in the mind of the jury a reasonable doubt of his presence there, then you shall find the defendant not guilty."

The Commonwealth objected to the instruction on the ground, *inter alia,* that there was no testimony to show that Crabbe was not present at the third robbery. The trial court denied the instruction but stated that the defendant could renew his request at the conclusion of his cross-examination.

With respect to the third charge, Crabbe testified that he was the driver of the car, that he stopped for gas, that he waited in the car while Hogan entered the store, and that he was not aware that Hogan had robbed the attendant. The defendant made no further request for an alibi instruction, and the three charges were submitted to the jury under standard instructions. The jury acquitted the defendant of the first charge but convicted him of the second and third and recom-

mended a ten-year sentence on each count. Confirming the verdicts, the court imposed the sentences to run consecutively.

To justify an alibi instruction, there must be "evidence that the accused was elsewhere than at the scene of the crime at the exact time or for the entire period during which it was or could have been committed." *Johnson* v. *Commonwealth,* 210 Va. 16, 20, 168 S.E.2d 97, 100 (1969). While there was such evidence concerning the first two crimes, there was none concerning the third; indeed, the defendant's own testimony placed him at the scene of that offense. Since the proffered instruction did not differentiate among the three charges and the defendant did not attempt to correct this defect by amending the instruction, we find no error in the trial court's ruling.

Neither do we believe the court erred in failing to amend the instruction *sua sponte.* We reaffirm the rule that, when the jury is properly instructed on the presumption of innocence and reasonable doubt, "a separate instruction on alibi [is] neither necessary nor required." *Minor* v. *Commonwealth,* 213 Va. 278, 281, 191 S.E.2d 825, 827 (1972). The instructions granted here fully satisfied that rule. Moreover, the jurors were told in each of three instructions individually addressed to the separate charges that, in order to convict, they were required to find that Crabbe "was present, aiding and abetting [Hogan] in the commission of such crime". Hence, an alibi instruction would have been merely cumulative.

Since the jurors acquitted the accused of the first charge, they obviously concluded that the wife's testimony raised a reasonable doubt that Crabbe was present when that crime was committed. This shows that the jurors fully understood the instructions they received and applied them selectively to the evidence concerning each of the three charges.

Finding no merit in the assignment of error, we will affirm the judgment.

*Affirmed.*