COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Elder and Bray
Argued at Salem, Virginia


DARRELL W. WILLIS
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0171-96-3      JUDGE LARRY G. ELDER
                                      FEBRUARY 4, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                     Thomas H. Wood, Judge

       C. Lynn Lawson (Humes J. Franklin, Jr.;
       Franklin, Franklin, Denney & Ward, P.L.C., on
       briefs), for appellant.

       John K. Byrum, Jr., Assistant Attorney
       General (James S. Gilmore, III, Attorney
       General; Eugene P. Murphy, Assistant Attorney
       General, on brief), for appellee.


     Darrell W. Willis (appellant) appeals his convictions of

breaking and entering, sodomy, and animate object sexual

penetration.  Code §§ 18.2-89, -67.1, -67.2.  For the reasons

that follow, we affirm.

                              I.

                            FACTS

     Around midnight on September 14, 1993, a man broke into the

trailer of the victim through a bedroom window and attacked her

in her bed.  He placed his finger inside the victim's vagina and

forced her to commit oral sodomy on him before the victim was

able to escape.  The victim immediately reported the attack to

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the police.  She subsequently informed them that although she did not see her assailant's face, she did observe that his penis was "huge" and that a "bump or a sore" protruded from it.

Thirteen months later, in October, 1994, Lieutenant Mader of the Augusta County police submitted an affidavit for a search warrant to examine appellant's penis "to determine if [it] is large and has a bump or a sore on it."  The magistrate issued the search warrant and a physician examined appellant's penis.

Following the examination, appellant was arrested and charged with breaking and entering, sodomy, and animate object sexual penetration.  Prior to his trial, the trial court denied appellant's motion to suppress the evidence obtained during the examination of his penis, which included photographs and the testimony of the examining physician.

At his trial, appellant sought to impeach the credibility of a witness for the Commonwealth, Mr. Stinnett, by introducing an employment record that stated that he was fired due to his "lack of attention to detail."  The Commonwealth filed a motion in limine to exclude this evidence, and the trial court sustained the Commonwealth's motion.

Near the end of the trial, appellant testified on his own behalf.  Appellant's prior criminal record includes convictions of petit larceny and misdemeanor sexual battery.  During cross-examination, the Commonwealth's attorney attempted to impeach appellant's credibility by proving that he had a prior

-2-

conviction of a misdemeanor involving moral turpitude. The following exchange took place:

Q. Prior to this, have you ever been convicted of any crimes involving moral turpitude?

A. What does that mean? What does "moral turpitude" mean?

Q. Have you ever been convicted of any crime . . . like lying or cheating, or stealing or sexually assaulting anybody?

Appellant's counsel immediately objected and, out of the presence of the jury, moved for a mistrial. The trial court denied appellant's motion, ruling that sexual battery was a crime involving moral turpitude and that the Commonwealth's attorney's question was proper. After the jury returned, appellant answered that he had been convicted of a crime involving moral turpitude.

At the conclusion of the evidence, appellant requested a jury instruction regarding his alibi defense. Over appellant's objection, the trial court refused to give the instruction. However, the trial court did instruct the jury regarding the presumption of innocence and the standard of reasonable doubt.

II.

PROBABLE CAUSE TO ISSUE WARRANT

Appellant contends that the trial court erred when it denied his motion to suppress the evidence obtained from the examination of his penis. He argues that the magistrate who issued the search warrant ordering the examination did not have probable

cause to believe that his penis would match the description given by the victim of her assailant's penis. We disagree.

When issuing a search warrant, "'the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that . . . evidence of a crime will be found in a particular place.'" Lanier v. Commonwealth, 10 Va. App. 541, 547, 394 S.E.2d 495, 499 (1990) (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L.E.2d 527 (1983)). Although the magistrate must base his conclusion of probable cause upon objective facts contained in the affidavit and reasonable inferences therefrom, the magistrate "need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." Gwinn v. Commonwealth, 16 Va. App. 972, 975, 434 S.E.2d 901, 903 (1993) (citations omitted). "Upon review, a search warrant will be upheld if the evidence, viewed as a whole, provided the magistrate a 'substantial basis' for concluding that probable cause existed to issue the warrant." Id.

We hold that the magistrate could conclude from the facts contained in the affidavit that it was reasonable to examine appellant's penis for evidence of the crime committed against the victim. The affidavit indicated that the victim had observed that the penis of her assailant was large and contained a bump or sore. It also stated that a cigarette butt found outside the

-4-

window that served as the point-of-entry of the assailant contained DNA that matched appellant's. In addition, the statements of appellant and Mr. Stinnett placed appellant near the victim's neighborhood around the time of the attack, and appellant had been convicted of sexually battering another woman in the area nine months earlier. These facts contained in the affidavit provided a substantial basis for the magistrate to conclude that it would be reasonable to search appellant's penis to see if it matched the description offered by the victim.

Appellant argues that even if the magistrate had probable cause to issue the search warrant during the weeks following the attack, the victim's observations of her assailant's penis were too stale to justify the examination of his penis thirteen months later. We disagree.

Although probable cause must be based on facts reasonably related in time to the date of the issuance of the warrant, "circumstances occurring substantially before the issuance of a search warrant can justify [its] issuance . . . if such past circumstances disclose a 'probable cause' of a continuous nature so as to support a rational conclusion that the past probable cause is still operative at the time of [issuance]." Pierceall v. Commonwealth, 218 Va. 1016, 1021, 243 S.E.2d 222, 225 (1978), cert. denied, 439 U.S. 1067, 99 S. Ct. 833, 59 L.E.2d 32 (1979). When the crime under investigation is not a continuing offense and the desire of law-enforcement authorities is to search for

the fruits, instrumentalities, or evidence of the prior crime, a significant factor in evaluating the staleness of the affidavit is the nature of the evidence sought. See Wayne R. Lafave, Search and Seizure § 3.7(a) (3d. ed. 1996).

We hold that the information provided by the victim in September, 1993 still justified the examination of appellant's penis in October, 1994. In filing the affidavit, Lt. Mader sought evidence that appellant's penis matched the description given by the victim of her assailant's penis. Specifically, Lt. Mader sought to determine if appellant's penis was large and if it exhibited a bump or a sore. Given the nature of the evidence sought, it was reasonable for the magistrate to conclude that an examination of appellant's penis would still reveal that it was large, even though the victim's observations were thirteen months old. In addition, while genital sores are known to have an ephemeral nature, a "bump" has a more permanent quality. Thus, based on the facts contained in the affidavit, it was reasonable for the magistrate to conclude that a bump noticed by the victim on the night of her attack would still exist in October, 1994.

### III.

### ADMISSIBILITY OF WITNESS' EMPLOYMENT HISTORY

Appellant contends that the trial court committed reversible error when it refused to admit the evidence of Mr. Stinnett's employment history for the purpose of impeaching Mr. Stinnett's credibility. We disagree.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."  Blain v. Commonwealth, 7 Va. App. 10, 16-17, 371 S.E.2d 838, 842 (1988) (citation omitted).  "Evidence is admissible if it is both relevant and material.  '[E]vidence is relevant if it tends to establish the proposition for which it is offered.'  Evidence is material if it relates to a matter properly at issue."  Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987) (citation omitted).  In addition, evidence may be admitted only if "its probative value outweighs policy considerations."  Blain, 7 Va. App. at 17, 371 S.E.2d at 842.  "Any evidence which would tend to convince the jury that the witness's perception, memory, or narration is defective or that his or her veracity is questionable is relevant for the purposes of impeachment."  Charles E. Friend, The Law of Evidence in Virginia § 4-1 (1993).

We hold that the trial court did not abuse its discretion when it ruled that the evidence of Mr. Stinnett's employment history was not relevant to his credibility as a witness. Although the issue of Mr. Stinnett's credibility was a material issue at appellant's trial, the evidence proffered by appellant's attorney was not probative of Mr. Stinnett's ability to perceive, remember or narrate past events.  Appellant's counsel proffered that the employment record stated that Mr. Stinnett was fired from a job not more than four years before the trial "as a result

of [his] lack of attention to detail."  However, the proffer included only sparse information regarding the nature of Mr. Stinnett's responsibilities during his employment and the circumstances that led to his termination.  Although the proffered evidence tends to prove that Mr. Stinnett was previously not a successful employee, the vague, declaratory statement by Mr. Stinnett's former employer that he was fired because of his inattention to detail, without more of a link, does not tend to prove the fact at issue:  whether Mr. Stinnett's perception, memory or narration is defective.

## IV.

### IMPEACHMENT OF APPELLANT

Appellant contends that the trial court erred when it denied his motion for a mistrial after the Commonwealth's attorney attempted to impeach appellant's credibility by proving a prior conviction of a misdemeanor involving moral turpitude.  Appellant argues that reversible error was committed when the Commonwealth's attorney asked him if he had a prior conviction for a crime involving moral turpitude and then defined such crimes to include sexual battery.  He asserts that the trial court committed reversible error when it ruled that sexual battery was a crime of moral turpitude, denied his motion for a mistrial, and ordered him to answer the Commonwealth's attorney's question.  We disagree.

A denial of a motion for a mistrial following either the

production of inadmissible evidence or an improper statement by counsel is not reversible error "unless there is a manifest probability that the evidence or statement was prejudicial to the adverse party."  Coffey v. Commonwealth, 188 Va. 629, 636, 51 S.E.2d 215, 218 (1949); see Terry v. Commonwealth, 5 Va. App. 167, 169, 360 S.E.2d 880, 881 (1987).  The probability of prejudice exists when either the evidence or the statement is "so impressive that it probably remained on the minds of the jury and influenced the verdict."  Id.

Assuming without deciding that the trial court erroneously ruled that sexual battery was a misdemeanor involving moral turpitude,[1] we hold that neither the Commonwealth's attorney's inclusion of sexual battery in his definition of crimes involving moral turpitude nor appellant's admission that he had a prior conviction of a crime involving moral turpitude constitutes reversible error.

The inclusion by the Commonwealth's attorney of sexual battery in his definition of crimes involving moral turpitude was unlikely to have influenced the jury.  Any prejudicial effect of this statement was diluted by the simultaneous mention of "lying,

---

[1]In Virginia, the credibility of a witness may be impeached by showing that he was previously convicted of a felony, perjury, or a misdemeanor that involved moral turpitude.  See Ramdass v. Commonwealth, 246 Va. 413, 423, 437 S.E.2d 566, 572 (1993), vacated on other grounds, ___ U.S. ___, 114 S. Ct. 2701, 129 L.E.2d 830 (1994) (stating that a litigant's right to impeach for prior criminal conduct has been confined to the aforementioned convictions).

cheating, or stealing" as crimes involving moral turpitude. Any possible stigmatizing effect of the Commonwealth's attorney's comment was negated by the trial court's instruction to the jury that it must not consider appellant's prior conviction of a crime involving moral turpitude as evidence of guilt. "'Once a jury is instructed regarding the use or limitations placed on specific evidence, they are presumed to follow such instructions,'" and nothing in the record indicates that the jury failed in this respect. Lawson v. Commonwealth, 13 Va. App. 109, 112, 409 S.E.2d 466, 467 (1991) (quoting Lewis v. Commonwealth, 8 Va. App. 574, 580, 383 S.E.2d 736, 740 (1989)).

In addition, appellant was not unduly prejudiced by his admission that he had previously been convicted of a crime involving moral turpitude because his admission was accurate and admissible. The record indicates that appellant had a prior conviction of petit larceny, which is a misdemeanor involving moral turpitude that may be used to impeach the credibility of a witness. See Bell v. Commonwealth, 167 Va. 526, 538-39, 189 S.E. 441, 447 (1937).

Furthermore, non-constitutional error is harmless "'[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (quoting Code § 8.01-678). Even if the Commonwealth's attorney

had not made his comment regarding sexual battery, the evidence in the record overwhelmingly proves that appellant was the person who attacked the victim. The record shows that appellant visited a friend who lived across the street from the victim's trailer on the night of the attack. In addition, the victim testified that her attacker was "a lot taller" than her and that she could feel a "sore" on his penis. The record shows that the victim is five feet, nine inches tall and that appellant is six feet, six inches tall, and an examination of appellant's penis thirteen months after the attack revealed that it had three lesions near its head that "appeared to have been there for a while." Also, the Commonwealth introduced into evidence a cigarette butt that conclusively proved that appellant was the person who attacked the victim. The cigarette butt was found on the day after the attack on the ground outside of the victim's trailer. It was lying underneath the window through which the assailant had entered the victim's trailer and bore the brand "Salem." The victim testified that in September, 1993 both she and her boyfriend smoked "Merit Menthol" cigarettes and that during the day on September 14, the date of her attack, she had picked up all cigarette butts and other debris from her yard. Forensic tests revealed that DNA found on this cigarette butt matched appellant's DNA and was unique to eight percent of the Caucasian population. During an interview on the day after the attack, appellant was observed smoking a "Salem" cigarette. Because the

evidence overwhelmingly proves that appellant was the man who attacked the victim, we conclude that any prejudice caused by the Commonwealth's attorney's reference to sexual battery in his definition of crimes involving moral turpitude could not have affected the verdict.

V.

REFUSAL OF ALIBI INSTRUCTION

Appellant contends that the trial court erred in refusing to instruct the jury regarding his alibi theory.  We disagree. "[W]hen the jury is properly instructed on the presumption of innocence and reasonable doubt, 'a separate instruction on alibi [is] neither necessary nor required.'"  Crabbe v. Commonwealth, 221 Va. 419, 421, 270 S.E.2d 727, 728 (1980) (quoting Minor v. Commonwealth, 213 Va. 278, 281, 191 S.E.2d 825, 827 (1972)); see also Titcomb v. Wyant, 1 Va. App. 31, 36, 333 S.E.2d 82, 85 (1985).  Because the record shows that the jury was properly instructed on both the presumption of innocence and reasonable doubt, the trial court did not err when it refused to instruct the jury regarding appellant's theory of alibi.

For the foregoing reasons, we affirm the convictions of breaking and entering, sodomy, and animate object sexual penetration.

Affirmed.