## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

   v.

Richard Gibson

Case Nos. CR02-16, CR02-17

Commonwealth of Virginia

   v.

Dorothy Gibson

Case Nos. CR02-18, CR02-19

March 5, 2002

BY JUDGE WILLIAM H. LEDBETTER

The issue before the court is the competence of the eight-year-old prosecutrix to testify in this child molestation case.

*Background*

Mr. and Mrs. Gibson are charged with sex offenses such as rape and inanimate object penetration, and their joint trial is set with a jury for April 22, 2002.

The alleged victim is their eight-year old daughter. The Commonwealth intends to call her as a witness at trial. Counsel for the defendants have filed motions to exclude her testimony because of incompetence as a witness or, at least, to have her evaluated to determine her competence. The court heard arguments on the motions and took them under advisement.

## Legal Principles

No child is deemed incompetent to testify solely because of age. Virginia Code § 8.01-396.1. The 1993 codification of this principle is merely declaratory of the common law.

The competence of a child to testify as a witness depends not upon the child's age, but upon the child's individual maturity, sense of moral responsibility, and capacity. *Kiracofe v. Commonwealth*, 198 Va. 833 (1957); Friend, *The Law of Evidence in Virginia* (5th ed. 1999), pp. 192-93.

Obviously, the child must have the capacity to have observed the incident, to remember the observed facts, and to communicate the observed data at trial. *Rogers v. Commonwealth*, 132 Va. 771 (1922). In addition, the child must have a "consciousness of the duty to speak the truth." *Cross v. Commonwealth*, 195 Va. 62 (1953). Sometimes this is referred to as "an understanding and appreciation of the sanctity of an oath," *Mullins v. Commonwealth*, 174 Va. 472 (1939), but the Court of Appeals has clarified that phrase by pointing out that a child may fully understand the responsibility to speak the truth even though he or she cannot define "oath" or state its nature and purpose. See *Durant v. Commonwealth*, 7 Va. App. 454 (1988).

It is the responsibility of the trial judge to determine competence after a careful examination of the child out of the presence of the jury. The trial judge considers his or her observations of the child, the child's age, the child's intelligence, and the child's sense of moral and legal responsibility. *Greenway v. Commonwealth*, 254 Va. 147 (1997). The judges' questioning must be searching in proportion to the apparent chronological immaturity of the child. *Royal v. Commonwealth*, 2 Va. App. 59 (1986).

Here, the defendants offer no evidence of the child's incapacity, mental deficiencies, or moral shortcomings. Given that the defendants are the child's parents, they would be in a particularly advantageous position to offer evidence in such regard, if any exists.

Instead, the defendants rely on statements made by the child and the purported mannerisms of the child at the preliminary hearing.

The court has carefully reviewed the transcript of the child's preliminary hearing testimony, including the judge's examination of her to determine

competence. Suffice it to say that there is nothing in the record to indicate that the child is not competent as a witness.

Therefore, the motion to exclude her testimony on the ground of incompetence will be denied.

Also, the motion for a mental evaluation of the child will be denied. It is the opinion of the court that an alleged victim of sexual molestation should not be put through the ordeal of a mental evaluation or other pretrial evaluation without at least a threshold showing that the prospective witness may suffer some mental, emotional, or moral deficiency that would make it incumbent upon the trial judge to seek the assistance of mental health care professionals in determining competence. No such showing has been made in this case.

The clerk will prepare an order in each case denying the defendants' motions for the reasons stated in this opinion letter.